UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE SAINT CONSULTING
GROUP, INC.,

   Plaintiff,

v.

                Case No. 8:10-cv-01089-T-24-AEP

AMANDA PAYNE,

   Defendant.
_____/

**ORDER REINSTATING & EXTENDING**
**TEMPORARY RESTRAINING ORDER**

This cause comes before the Court on the Motion for a Temporary Restraining Order filed by Plaintiff, The Saint Consulting Group, Inc. ("Saint"). (Doc. 49.) The Court construes Saint's motion as a motion to reinstate and extend the Temporary Restraining Order, which was in effect when this action was automatically stayed, pursuant to § 11 U.S.C. § 362, on July 9, 2010.

Rule 65(b)(2) of the Federal Rules of Civil Procedure permits a court to extend a Temporary Restraining Order for 14 days "for good cause" or for a longer amount of time if the adverse party consents. Although Payne previously consented to the Temporary Restraining Order and its extension, she filed a response asking the Court to deny Plaintiff's request.[1] (Doc.

---

[1] Payne's Response is improperly filed in the form of an Answer. (Doc. 53.) A response to a motion is not an Answer to a Complaint. However, despite this deficiency, the Court will construe the document as a response opposing Saint's motion.

53.)

Good cause exists to extend the Temporary Restraining Order through July 22, 2010 to permit the Court to hold a hearing and issue an order on the Motion for Preliminary Injunction. The Defendant, through her own actions, has prevented the Court from holding the hearing on the preliminary injunction motion.

This Court has twice scheduled a hearing on the preliminary injunction motion, only to postpone or cancel the hearing because of Payne's efforts to delay the resolution of this matter. At the first hearing on June 29, 2010, Payne's counsel requested a continuance because Payne had only retained counsel the night before the hearing. Although Payne had already delayed this case by evading service of process, the Court granted her continuance. At the hearing, Payne, through her counsel, consented to the imposition and extension of the Temporary Restraining Order. The Court extended the Temporary Restraining Order through July 15, 2010 and rescheduled the hearing for July 15, 2010. The Court also ordered Payne to file an Amended or Corrected Answer, as well as a Response to the Motion for Preliminary Injunction, by July 8, 2010.

Instead of filing her responses as ordered on July 8, 2010, Payne filed a voluntary petition for bankruptcy protection on July 9, 2010. Payne's petition in U.S. Bankruptcy Court triggered an automatic stay of this case, pursuant to 11 U.S.C. § 362(a). On July 14, 2010, however, the U.S. Bankruptcy Court lifted the stay, as to the injunctive relief sought in this case. This Court reinstated the case, set a new date for the preliminary injunction hearing, and ordered Payne to promptly file her response to the preliminary injunction motion. The hearing on the

preliminary injunction motion is now set for next Wednesday, July 21, 2010 at 10 a.m.. There will be no further delay in this matter.

Although a court ordinarily cannot extend a temporary restraining order for more than 28 days without the consent of the parties, good cause exists to do so here. Payne's delaying tactics, her previous consent to the extension of the Temporary Restraining Order, and the Court's efforts to schedule a hearing promptly once the U.S. Bankruptcy Court lifted the stay merits the extension. As numerous courts have held, "If the moving party has exercised good faith in seeking the preliminary injunction hearing but has been unsuccessful—perhaps because congestion on the court's docket has prevented a speedy hearing—and the danger of irreparable injury continues to exist, there is every reason for extending the temporary restraining order beyond twenty days and the court should have discretion to do so."[2]

Although ordinarily a court would extend a Temporary Restraining Order before it expired, the automatic stay created by the bankruptcy petition prevented the Court from extending the Temporary Restraining Order before 9 a.m. today. However, by consenting to a retroactive extension of the Temporary Restraining Order on June 29, 2010, Payne waived any objection to this technical deviation from the rule.

The Court will reinstate and extend the Temporary Restraining Order (Doc. 18), first entered on June 18, 2010, in order to preserve the status quo until the Court can rule on the

---

[2] 11A Fed. Prac. & Proc. Civ. § 2953 (2d ed. 2010). See also State of Maine v. Fri, 483 F.2d 439, 440-41 (1st Cir. 1973) ("[A]s long as the hearing on the preliminary injunction is held expeditiously within the appropriate time frame, the district court should be able to extend the restraining order while it prepares its decision."); Women's Med. Prof. Corp. v. Taft, 199 F.R.D. 597, 598 (S.D. Ohio 2000); United States v. PATCO, 527 F. Supp. 1344, 1347 n.1 (N.D. Ill.1981).

Motion for a Preliminary Injunction. Because the Temporary Restraining Order only requires Payne to abide by the terms of the confidentiality agreement that she signed, she is not prejudiced by the Court's actions.

Therefore, the Motion for a Temporary Restraining Order (Doc. 49), as construed by the Court, is **GRANTED**.

The Temporary Restraining Order (Doc. 18) is extended until 5 p.m. on **July 22, 2010** unless dissolved earlier by Court.

**IT IS SO ORDERED.**

*Done at 4:25 p.m. on July 15, 2010.*

SUSAN C. BUCKLEW
United States District Judge