UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE SAINT CONSULTING GROUP, INC.,

    Plaintiff,

v.                                                    Case No.  8:10-cv-1089-T-24-AEP

AMANDA PAYNE,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff The Saint Consulting Group's Motion for Attorney's Fees and Costs and for Sanctions Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. (Doc. No. 65). The Court deems this Motion to be unopposed as Defendant Amanda Payne's response was due on September 29, 2010 and to date, no response has been filed. (Doc. No. 63).

**I.  Background**

On May 7, 2010, Plaintiff filed a Complaint alleging that Defendant breached her Settlement Agreement and Release (the "Agreement") with Plaintiff and seeking injunctive relief to keep Defendant from continuing to breach the Agreement. (Doc. No. 1).  Also in the Complaint, pursuant to the express terms of the Agreement, Plaintiff sought attorney's fees and costs in connection with its claim for injunctive relief. Id.  Additionally, Plaintiff filed separate motions for a preliminary injunction and a temporary restraining order to enjoin Defendant from continuing to violate the Agreement. (Doc. No. 2 & 15).

On June 18, 2010, the Court granted Plaintiff's motion for a temporary restraining order

(Doc. No. 18).  Plaintiff filed for multiple extensions of the temporary restraining order and the Court granted the requested extensions through July 27, 2010.  On July 21, the Court orally granted Plaintiff's motion for a preliminary injunction and issued a written order granting the same on July 27, 2010.  (Doc. No. 59, 61).  Finally, on September 10, 2010, the Court granted Plaintiff's Unopposed Motion for a Permanent Injunction against Defendant.  (Doc. No. 67).

## II.     Plaintiff's Motion for Attorney's Fees and Costs

Pursuant to the terms of the Agreement, Plaintiff seeks attorney's fees and costs in connection with its claim for injunctive relief.  The Agreement, signed by both Plaintiff and Defendant, provides that Defendant shall pay all costs and expenses, including reasonable legal fees, related to any effort by Plaintiff to obtain injunctive relief against Defendant for violation of the Agreement:

> Immediate Remedies for Breach: Nothing shall limit the right of any party hereto to bring an action to enforce this Settlement Agreement and Release. Ms. Payne acknowledges that [The Saint Consulting Group ("TSCG")] will suffer irreparable harm should she violate paragraphs 5, 6, or 8 of this agreement. TSCG shall be entitled, in addition to any other remedy it might have at law or in equity related to breaches of this Settlement Agreement and Release by Ms. Payne, to an injunction . . . enjoining or restraining Ms. Payne from any violation of this Settlement Agreement and Release . . . and Ms. Payne hereby consents to the issuance of such injunction and agrees to pay all costs and expenses, including reasonable legal fees incurred by TSCG related thereto.

(Sealed Doc. No. 1 ¶14).  The Agreement also provides that Massachusetts law applies to its enforcement.  Id. at ¶18.

Contracts for attorney's fees are enforceable in Massachusetts.  See Blue Hills Office Park LLC v. J.P. Morgan Chase Bank, 447 F. Supp. 2d 366, 387 (D. Mass. 2007) ("In Massachusetts, counsel fees can be assessed pursuant to 'specific affirmative authority,' such as a contract or statute."); Krock v. Krock, 707 N.E.2d 839, 842 n.2 (Mass. App. Ct. 1999).

Accordingly, because the Agreement provided for costs and expenses, including reasonable legal fees, related to Plaintiff's action to enjoin or restrain Defendant from violating the Agreement, and subsequently Plaintiff obtained an injunction against Defendant for violating the Agreement, Plaintiff is entitled to recover its reasonable attorney's fees and costs related to obtaining such injunctive relief.

    A.    <u>Attorney's Fees</u>

In support of the instant motion, Plaintiff submits the Declaration of its attorney, Diane M. Saunders, which sets forth the attorney's fees incurred by Plaintiff in connection with its efforts to obtain injunctive relief against Defendant. (Doc. No. 66). To date, Plaintiff has incurred a total of $46,469.00 in attorney's fees in seeking to enforce the Agreement and in preparing the instant motion for attorney's fees and costs. Although Plaintiff contends that it has incurred a total of $49,718.40[1] in attorney's fees, the Court has determined that figure to be incorrect upon review of the invoices attached to Ms. Saunders' Declaration. (Doc. No. 65 & 66, Exs. A & B).

According to the billing invoices submitted with Diane M. Sanders' declaration, Plaintiff's Counsel Diane M. Sanders billed 77.8 hours at a rate of $350; Peter J. Mee billed 17 hours at a rate of $185 and 13.8 hours at a rate of $225; Jeffery S. Seigel billed 28.2 hours at a rate of $300; David W. Adams billed 2.4 hours at a rate of $270; Zachary J. Glaser billed 19.9 hours at a rate of $190; and paralegal Linda D. Lee billed 0.8 hours at a rate of $125. (Doc. No.

---

[1]The Court reaches this value by subtracting the amount of costs listed on the submitted invoices from the total value of attorney's fees and costs requested by Plaintiff. In the instant motion, Plaintiff lists only the total value of its attorney's fees and costs rather than listing the attorney's fees and costs separately.

66, Exs. A & B). Therefore, Plaintiff's attorneys and paralegal billed a total of 159.9 hours, amounting to a total of $46,469.00 in legal fees. Upon consideration of the hourly rates charged and the total hours spent on the case by Plaintiff's attorneys and paralegal, the Court finds both the hourly rates and number of hours worked to be reasonable. Therefore, the Court grants Plaintiff's unopposed motion for attorney's fees in the amount of $46,469.00.

      B.     Costs

Plaintiff also seeks $1,578.60 in costs incurred in pursuing this action. (Doc. No. 66, Ex. B). Section 14 of the Agreement, *supra*, provides for the recovery of reasonable costs incurred by Plaintiff in connection with obtaining injunctive relief against Defendant. (Sealed Doc. No. 1 ¶14). However, 28 U.S.C. §1920 authorizes the Court to award costs only for certain expenses.

Plaintiff submitted an invoice for costs which includes: process server fees, copy charges, a witness fee, and a court filing fee, (Doc. No. 66, Ex. B). The total amount of costs requested is $1,578.60. Id. Upon review of the invoice for costs, the Court has determined that Plaintiff's costs are recoverable under 28 U.S.C. §1920. Additionally, the Court finds the requested costs incurred during this suit to be reasonable. Therefore, the Court grants Plaintiff's unopposed motion for costs in the amount of $1,578.60.

**III.**     **Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 16(f)**

Plaintiff also requests monetary sanctions against Defendant pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. Rule 16(f) grants a court discretion to issue sanctions against a party for (a) failing to appear at a scheduling or other pretrial conference, (b) being substantially unprepared to participate in the conference, or (c) failing to obey a scheduling or pretrial order. Fed. R. Civ. P. 16(f). Plaintiff urges the Court to issue sanctions against

Defendant because Defendant failed to appear at a pretrial conference, failed to obey a pretrial order, and engaged in a pattern of delay and deliberate refusal to comply with this Court's orders.  (Doc. No. 65 at 5).

Plaintiff requests monetary sanctions of $5,935.45, which is the amount of attorney's fees and expenses incurred by Plaintiff in preparing for and attending the July 21, 2010 hearing on Plaintiff's Motion for Preliminary Injunction and in preparing the sanctions section of the instant motion.  Although the Court entered an order requiring Defendant's appearance at the July 21 hearing, Defendant failed to appear.  (Doc. No. 56).  Additionally, at the hearing Defense counsel informed Plaintiff that Defendant did not oppose the entry of a preliminary injunction as long as it was within the scope of the Agreement.  Id.  Plaintiff argues that Defendant's actions in regard to this hearing wasted the Court's time and caused Plaintiff to incur substantial attorney's fees and costs in preparing for and appearing at the hearing.  Because the Court awards Plaintiff his requested attorney's fees and costs, which includes the attorney's fees and costs associated with the July 21 hearing and the preparation of the instant motion, the Court denies Plaintiff's motion for sanctions.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Attorney's Fees is GRANTED and the Court awards Plaintiff $46,469.00 in attorney's fees;

2. Plaintiff's Motion for Costs is GRANTED and the Court awards Plaintiff $1,578.60 in costs;

3. Plaintiff's Motion for Sanctions is DENIED; and

    4.  The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of December, 2010.

                        */s/ Susan C. Bucklew*
                        SUSAN C. BUCKLEW
                        United States District Judge

Copies to:
Counsel of Record